IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 4:13cr72-2

KEVIN LAMONT ASHBY,

        Defendant.

## *MEMORANDUM ORDER*

This matter is before the Court on Defense Co-Counsel Gregory W. Klein's Motion for Inquiry Into Potential Conflict of Interest. Dkt. No. 55. In that Motion, Klein explains that he is a second counsel for Kevin Lamont Ashby ("Defendant") as well as for Darius Crenshaw, a defendant in a different criminal prosecution in this District. *See* Case No. 4:13cr96. He states that after learning that the Government might call Defendant as a witness against Darius Crenshaw, he filed a motion to withdraw as counsel for Crenshaw. That motion remains pending. He also filed the instant motion for the Court to determine whether his continued representation of Defendant also poses a conflict of interest.

The Court held a hearing on this matter on February 25, 2014. The United States Attorney, Defendant, Klein, and Defendant's first counsel, Fernando Groene, were all present. After hearing from the parties, the Court is convinced that an actual conflict of interest exists in Klein's continued representation of Defendant. The United States Attorney indicated that it was

1

likely that Defendant would be called as a witness against Crenshaw, whom Klein still currently represents. The Court therefore construes Klein's Motion as a Motion to Withdraw, and that Motion is **GRANTED**.

Because Defendant has been indicted for a capital crime, he has a right to the representation of two counsel under 18 U.S.C. § 3005. The Fourth Circuit has affirmed that this right persists even if the Government subsequently indicates that it does not intend to seek the death penalty. *United States v. Boone*, 245 F.3d 352, 360-61 (4th Cir. 2001). Nonetheless, Defendant under oath stated that he had conferred with his remaining counsel Groene and wished to waive this right and continue with the representation of only one counsel. After inquiring into Defendant's background and observing his demeanor at the hearing, the Court finds this waiver to be knowing, voluntary, and intelligent. Accordingly, the Court will not appoint Defendant a new second counsel.

The Clerk is **DIRECTED** to send a copy of this Order to all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 25, 2014

/s/
Raymond A. Jackson
**United States District Judge**